# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA ADOLPHSON, | ) | |
| Plaintiff, | ) | Civil Action No. 14-144 Erie |
| | ) | |
| v. | ) | District Judge Conti |
| | ) | Magistrate Judge Baxter |
| ERIE INSURANCE INDEMNITY | ) | |
| COMPANY, et al., | ) | |
| Defendants. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.      RECOMMENDATION

It is respectfully recommended that Defendants' motion for involuntary dismissal [ECF No. 17] be granted and that this case be dismissed for Plaintiff's failure to prosecute. In light of this recommendation, it is further recommended that Defendants' motions to dismiss for failure to state a claim [ECF Nos. 7 and 9] be dismissed as moot.

## II.      REPORT

### A.      Relevant Procedural History

On May 14, 2014, Plaintiff initiated this action by filing a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., and the Rehabilitation Act, 29 U.S.C. § 701. Named as Defendants are: Erie Insurance Indemnity Company ("Erie Insurance"); Mike Filipski ("Filipski"), Supervisor of the Premium Audit Section of Erie Insurance's Commercial Policy Processing Department;

Steven Habursky ("Habursky"), Enterprise Risk Management Consultant in Erie Insurance's Enterprise Risk Management Department; and Patricia Kibler ("Kibler"), a Human Resource Generalist in Erie Insurance's Human Resources Department.

On June 24, 2014, Defendant Erie Insurance, and Defendants Filipski, Habursky, and Kibler, filed two separate motions to dismiss for failure to state a claim [ECF Nos. 7 and 9, respectively]. The following day, this Court issued a text Order requiring Plaintiff to file a response to Defendants' motions by July 16, 2014. On July 7, 2014, Plaintiff filed a motion for extension of time to file her response [ECF No. 14]. By text Order dated July 8, 2014, this Court granted Plaintiff's extension request and directed Plaintiff to file a response by September 2, 2014. On August 26, 2014, Plaintiff filed a motion to continue, requesting a further extension of sixty days. By text Order dated August 29, 2014, this Court granted Plaintiff's motion to continue, in part, by extending Plaintiff's time to respond to Defendants' motions to dismiss to September 30, 2014. In this final Order, the Court specified that no further extensions would be granted and that a recommendation to dismiss this case would be issued if Plaintiff failed to file a timely response.

On November 19, 2014, after Plaintiff's continued failure to file a response to Defendants' motions to dismiss, Defendants filed a motion for involuntary dismissal [ECF No. 17] seeking dismissal of this case for Plaintiff's failure to prosecute, in accordance with this Court's text Order dated August 29, 2014. Plaintiff has failed to file any response to this motion and or any response to Defendants' motions to dismiss. This matter is now ripe for consideration.

**B**. **Standard of Review**

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

**C.** **Discussion**

Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter. During the pendency of any litigation, the parties are under a continuing obligation to comply with deadlines established by the Court. In a case filed *pro se*, this is solely the obligation of the Plaintiff, who bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.). Here, Plaintiff has failed to file a response to Defendants' motions to dismiss, which were filed over

six months ago, despite multiple Orders to do so. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions against indigent *pro se* parties, such as Plaintiff. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

**III**    **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion for involuntary dismissal [ECF No. 17] be granted and that this case be dismissed for Plaintiff's failure to prosecute. In light of this recommendation, it is further recommended that Defendants' motions to dismiss for failure to state a claim [ECF Nos. 7 and 9] be dismissed as moot.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: February 3, 2015

cc:    The Honorable Joy Flowers Conti
       Chief United States District Judge